IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DON MERCELEANY R. MAXWELL/"G"-DOFFEE,
ADC #108778, et al.                                                                     PLAINTIFFS

4:09CV00321JMM/HLJ

STATE OF ARKANSAS, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff Don Maxell/"G"-Doffee is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging numerous constitutional violations.   Plaintiff names as co-plaintiffs his wife, Princess M. Smith/ "G"-Doffee, and his deceased child.  Plaintiff asks for money damages.

### II.  Allegations of the Complaint

Plaintiff's allegations against the defendants are as follows:

1) Defendants State of Arkansas, Circuit Judge John Langston, Pulaski County, Sheriff Randy Johnson, Major Smith, Sheriff Doc Holladay, Attorney General Dustin McDaniel, and Deputy Prosecutor Larry Jegley - failed to act after assaults and rape of Princess M. Smith/ "G"-Doffee while she was incarcerated at the Pulaski County Detention Facility.  Such assaults and rape allegedly resulted in the death of the plaintiffs' unborn child.

2) Defendants Arkansas Department of Correction, Larry Norris, Ray Hobbs, D. Golden, Cherry

Conrad, and Dexter Payne - employees of the ADC violated plaintiffs' due process rights with respect to a mail policy which prevents plaintiffs from writing to each other. Defendants also withheld letters from the plaintiffs and impeded plaintiff Don Maxwell/ "G"-Doffee's access to the courts with respect to his filings for post-conviction relief.

3) Defendant Gregory Jones - a private attorney appointed to represent one or both of the plaintiffs conspired to deny plaintiffs their First Amendment, access to the courts, and due process rights.

### III. Standard of Review

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1), (2).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.C. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.

Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Finally, in order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).

IV.  Analysis

A.  Defendants State of Arkansas and Arkansas Department of Correction

The State of Arkansas, and the ADC, which is an agency of the State of Arkansas, must be dismissed, based on Eleventh Amendment immunity.  See Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988).

B. Defendants Langston, Pulaski County, Johnson, Smith, Holladay, McDaniel, and Jegley

These defendants are sued based on allegations relating to plaintiffs' incarceration at the Pulaski County Detention Facility, and assaults which took place and resulted in the death of plaintiffs' unborn child.  These allegations are currently at issue in another lawsuit filed by the plaintiffs, Maxwell, et al. v. Talley, et al., 4:07cv00669.  In Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 817-819 (1976), the Court held that as between federal district courts, "though no precise rule has evolved, the general principle is to avoid duplicative litigation."  Citing this case, the Court in Cupe v. Lantz, 470 F.Supp.2d 128, 132 (D.Conn.,2007), discussed the "prior pending action doctrine", as one of federal judicial efficiency which provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." The Court further held the doctrine "applicable where there are two identical or similar actions contemporaneously pending in two federal courts, for the reason that "[a]s between federal courts ...

the general principle is to avoid duplicative litigation." Therefore, the Court will dismiss these allegations based on the prior pending action doctrine.

C.  Defendants Norris, Hobbs, Golden, Conrad, and Payne

Plaintiff's allegations against these defendants relate to a mail policy of the ADC which has resulted in plaintiffs' inability to communicate with one another while incarcerated. This issue also is the subject of another pending lawsuit, Doffee/Maxwell v. Arkansas Department of Correction, 5:08cv00015, and defendants Golden and Cherry are currently named as defendants in that lawsuit. To the extent that plaintiff seeks to add similar allegations against defendants Payne, Hobbs, and Norris, the Court finds that such should be filed in the prior case, pursuant to a motion to amend.

D.  Defendant Gregory Jones

Defendant Jones is sued based on his position as counsel for plaintiff or plaintiffs, either as a retained private attorney, or as an attorney appointed by the Court in plaintiffs' criminal cases. However, a private attorney, whether he is retained by the plaintiff or appointed to represent him in his criminal proceedings, is not considered to be a state actor within the meaning of § 1983. In Chambers v. Kaplan, 648 F.2d 1193 (8th Cir. 1981), the Court held that even when a private attorney is appointed by the Court to represent the plaintiff, the attorney does not act under the color of state law. Therefore, the Court finds that defendant Jones should be dismissed.

V.  Conclusion

In conclusion, the Court finds that plaintiff's complaint against defendants should be dismissed with prejudice for failure to state a claim. The Court further considers this dismissal as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on

three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED for failure to state a claim.

IT IS FURTHER ORDERED that plaintiff's motion for a hearing (DE #3) is hereby DENIED.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal taken from this decision is not in good faith.

IT IS SO ORDERED this 20th day of May, 2009.

_____
United States Magistrate Judge